```
         UNITED STATES DISTRICT COURT
            DISTRICT OF MINNESOTA
           Civil No. 12-111(DSD/LIB)
```

Naftal Mary Ondari,

       Plaintiff,

v.                                                    **ORDER**

Stella Nyan Chama Naftal
and Tom Mose,

       Defendants.


This matter is before the court upon the pro se complaint and application to proceed in forma pauperis by plaintiff Naftal Mary Ondari.  See 28 U.S.C. § 1915(e).  Ondari divorced — or is in the process of divorcing — defendant Stella Nyanchama Naftal in Minnesota state court.[1]  See Ondari v. Naftal, No. 27-FA-10-9010 (Minn. D. Ct. filed Mar. 21, 2011).  In this federal action, Ondari seeks to prevent Naftal from using his name, and "[i]nstead use the name of [defendant] Tom Mose whom she is staying with as a roommate, later became boyfriend, girlfriend."  Compl. 4–5.  Ondari states that Naftal's use of his name is "taboo to our culture and society."  Id. at 5.  Ondari further requests "the Federal to investigate on the man I hosted in the house since last year May,

---

[1] Although defendant Naftal's name is docketed as Stella Nyan Chama Naftal, it appears that Nyanchama is the proper spelling.

to now, who has broken the beautiful family.  His name is Tom Mose."  Id.  Ondari invokes federal-question jurisdiction.  Id. at 3.

Federal courts are courts of limited jurisdiction.  Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991).  As a result, the court must raise issues of jurisdiction sua sponte "when there is an indication that jurisdiction is lacking."  Id.  To invoke federal-question jurisdiction a plaintiff must plead a cause of action arising under federal law or the Constitution.  28 U.S.C. § 1331.  A complaint states a federal cause of action when it appears on the face of a well-pleaded complaint.  Oglala Sioux Tribe v. C & W Enters., 487 F.3d 1129, 1131 (8th Cir. 2007) (citation omitted).

The court liberally construes pro se complaints and will dismiss an action only if it appears beyond doubt that the plaintiff "can allege no set of facts which would support an exercise of jurisdiction."  Sanders v. United States, 760 F.2d 869, 871 (8th Cir. 1985).  The court has studied the present complaint and cannot identify a federal cause of action.  Were the parties diverse, the amount in controversy is less than $75,000.  See 28 U.S.C. § 1332.  Moreover, "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."

<u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 703 (1992) (citation omitted).  Therefore, the court lacks jurisdiction over this action, and dismissal is warranted.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The application to proceed in forma pauperis [ECF No. 2] is denied as moot; and

2. This action is dismissed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 17, 2012

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court